Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **RICHARD ATWOOD**, | **CASE NO**.:  1:18-cv-01034 |
| Plaintiff, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT; OREGON WAGE AND HOUR LAWS**; |
| **BISHOP AUTOMOTIVE, INC.**, an Oregon domestic business corporation, | Fair Labor Standards Act 29 U.S.C. § 201 *et. seq*.; Oregon Wage and Hour Laws (ORS 652) |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, RICHARD ATWOOD ("Atwood" or "Plaintiff"), on behalf of himself and on behalf of all other similarly situated current and former employees of Defendant brings this Fair Labor Standards Act ("FLSA") collective action and Fed R. Civ. P. Rule 23 class action Complaint for violations of the FLSA and Oregon's Wage and Hour laws against Defendant, BISHOP AUTOMOTIVE, INC., an enterprise engaged in commerce or the production or goods for commerce (hereinafter "Bishop" or "Defendant"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

With this action, Plaintiff, on behalf of himself and other similarly situated individuals, seeks actual damages, compensatory and liquidated damages, penalties, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Defendant's willful failure to pay wages all wages when due, including overtime wages due to Plaintiff and other similarly situated individuals. Plaintiff alleges that Defendant's policy and practice of requiring its employees to attend mandatory employee meetings without compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and Oregon Wage and Hour Laws. Plaintiff brings this collective and class action suit to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and unpaid wages and penalty wages under Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

1.      Plaintiff, by counsel, brings this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.      Plaintiff also brings this action under Fed. R. Civ. P. Rule 23 on behalf of similarly situated individuals for violations of Oregon Wage and Hour Laws requiring the payment of agreed upon wages for all hours worked and the timely payment of wages pursuant to Oregon Revised Statutes (ORS) Chapter 652 and 653.

3.      Plaintiff, on behalf of all other similarly situated individuals, demands a jury trial on all issues that may be tried to a jury.

## PARTIES

4.      Plaintiff is an individual who can be contacted through counsel.

5.      Plaintiff currently resides in Curry County, Oregon.

6.      Plaintiff worked for Defendant from on or about July 2014 until on or about February 2018. During his employment, Plaintiff worked as a sales and finance manager for Defendant's automobile dealership in Brookings, Oregon.

7.      At all times material to this Complaint, Defendant directed Plaintiff's work, assigned him tasks, and controlled all aspects of Plaintiff's work.

8.      At all times material to this Complaint, Defendant promised to compensate Plaintiff for his work by paying hourly at a rate $14.00 per hour, plus commissions for his work as sales and finance manager for Defendant.

9.      At all times material to this Complaint, Plaintiff was not exempt from the minimum wage or overtime provision of the FLSA or Oregon Wage and Hour Laws.

10.      Defendant, Bishop Automotive, Inc. is an Oregon domestic business corporation based in Brookings, Oregon.

11.      At all material times, Defendant operated an automobile dealership known as Bernie Bishop Mazda located in Curry County, Oregon.

12.      Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

13.      At all material times, Defendant operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

14.      At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant directly or indirectly acted in the interest of an employer

toward the Plaintiff and all other similarly situated individuals at all material times, including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiff and others.

15.    This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

16.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

17.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## FACTS

18.    At all times material to this Complaint Plaintiff performed work related to automobile sales and financing for the benefit of Defendant.

19.    At all times material to this Complaint, Plaintiff and others were not paid for all hours worked because they were not paid to attend mandatory employee meetings.

20.    At all times material to this Complaint, Plaintiff and others were not compensated in a manner that comports with the overtime provisions of the FLSA.

21.    At times material to this Complaint, Plaintiff and others were not compensated in a manner that comports with the timely payment of wages provisions found in Oregon Wage and Hour Laws.

22.    At all times material to this Complaint, Plaintiff and other employees of Defendant were required to attend mandatory staff meetings without receiving compensation for their time spent attending the meetings.

23.    At times material to this Complaint, Plaintiff and others worked more that 40 hours in a seven-day workweek.

24.    At all times material to this Complaint, Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked, including overtime for hours worked over 40 hours in a workweek because Defendant did not pay nonexempt employees for attending mandatory meetings.

25.    At all times material to this Complaint, Plaintiff and other similarly situated individuals have not been paid for all hours worked at their promised rate of pay.

26.    At all times material to this Complaint, Plaintiff and other similarly situated employees were Defendant's employees as defined by the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652).

27.    At all times material to this Complaint, Plaintiff was properly classified as a W-2 employee and paid hourly wages.

28.    As a result of being required to attend mandatory staff meetings without compensation, Plaintiff and other similarly situated employees did not receive compensation for all hours worked at their agreed upon rates of pay.

29.    During workweeks in which Plaintiff and other similarly situated employees attended mandatory staff meetings without compensation and worked more than 40 hours, Defendant failed to properly pay overtime compensation.

30.    Plaintiff has not been properly compensated for all hours worked throughout the course of his employment by Defendant.

31.    Plaintiff other similarly situated employees of Defendant have not been paid for all hours worked.

32.    Records of all hours worked by Plaintiff and others are in possession and control of Defendant.

33.    At all times material to this Complaint, Defendant willfully failed to comply with Oregon and federal wage and hour laws with respect to the payment of wages and overtime compensation.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

34.    Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 33 above.

35.    At times material to this complaint, Plaintiff performed duties for the benefit of, and on behalf of the Defendant, under employment terms and conditions set by Defendant.

36.    At times material to this Complaint, Defendant was required to pay Plaintiff in accordance with the overtime provisions of the FLSA.

37.    Defendant has not paid Plaintiff and similarly situated employees the correct amount of overtime pay at a rate equal to one and one-half of their regular rate of pay for workweeks in which they worked in excess of 40 hours in violation of 29 U.S.C. § 207.

38.    At material times to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that Defendant failed pay Plaintiff and similarly situated employees for all hours worked.

39.     Plaintiff and other similarly situated individuals are entitled to liquidated damages for Defendant' willful failure to pay the correct amount of minimum wage and overtime.

40.     Plaintiff bring this action individually and on behalf of other similarly situated employees of Defendant, seeking overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

41.     Plaintiff, by counsel, brings this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class of similarly situated individuals:

> All current and former nonexempt employees of Defendant who worked 40 hours or more in weeks in which they attended mandatory employee meetings and who were not paid for their time attending the meetings within 3 years preceding the filing of this Complaint (the "FLSA Class").

42.     Defendant's failure to pay Plaintiff and the FLSA Class all overtime earned resulted from the Defendant's willful act of knowingly failing to properly compensate Plaintiff and the FLSA Class for all hours worked when it required them to attend unpaid mandatory employee meetings.

43.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

44.     On behalf of himself and other similarly situated employees of Defendant who were employed by Defendant in Oregon, Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 33 above.

45.     As alleged herein, because Defendant did not pay Plaintiff and other similarly situated employees for the time spent attending mandatory employee meetings, Defendant willfully failed

to pay Plaintiff and similarly situated current and former employees all wages when due, whether during employment or upon termination thereby violating ORS 652.120 and/or ORS 652.140 and giving rise a claim for a penalty under ORS 652.150.

46.    Plaintiff and similarly situated current and former employees are also owed their unpaid wages that were earned but not paid when due, whether during employment or upon termination.

47.    The wages earned but not paid include, but are not limited to, the hourly wages due resulting from Defendant's failure to compensate Plaintiff and other similarly situated employees for attending mandatory meetings.

48.    Records of hours worked and wages and other compensation paid to Plaintiff and others are in possession and control of Defendant.

49.    Defendant's records show that Defendant failed to pay all wages earned when due to Plaintiff and similarly situated current and former employees.

50.    Plaintiff brings this class action, for violations of Oregon Wage and Hour Laws, pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of himself and the following class of persons:

> All current and former nonexempt employees of Defendant who attended any mandatory employee meetings and who were not paid for their time attending the meetings within the applicable statutory period (the "Oregon Wage Class").

51.    As a result of Defendant's willful failure to pay Plaintiff and the Oregon Wage Class all wages when due, Defendant is liable to Plaintiff and each member of Oregon Wage Class for a penalty to be computed in accordance with ORS 652.150.

52.    By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff and the similarly situated current and former employees have suffered damages and have also incurred costs and reasonable attorneys' fees.

53.    All members of the Oregon Wage Class who do not opt out may pursue the Oregon state law claim if that claim is certified for class-wide treatment.

54.    Plaintiff's state law claim satisfies the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

55.    **Numerosity** (Fed. R. Civ. P 23(a)(1)): The Oregon Wage Class satisfies the numerosity standards.  The Oregon Wage Class is believed to be in excess of 50 people.  As a result, joinder of all Oregon Wage Class members in a single action is impracticable.  The precise number of Oregon Wage Class members and their identities and contact information are unknown to Plaintiff but can be easily ascertained from Defendant's payroll records.  Oregon Wage Class members may be notified of the pendency of the action by first-class mail.

56.    **Commonality** (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Oregon Wage Class predominate over any questions affecting only individual members.  All Oregon Wage Class members were subject to the same payroll practices that resulted in the failure to pay wages when due. All Oregon Wage Class members attended mandatory employee meetings but did not receive compensation for their attendance. Thus, all Oregon Wage Class Members have been paid incorrectly in a similar manner, and all Oregon Wage Class members are owed additional compensation.

57.    Common questions of fact include but are not limited to: (a) whether Defendant's policy and practice of failing to take into account the actual number of hours worked when computing compensation resulted in underpayment of wages and compensation; (b) whether Defendant acted willfully in failing to pay the correct amount of compensation when due; and (c) whether

Defendant's failure to compensate its employees for attending mandatory meetings resulted in its employees not receiving all wages earned when due.

58.    Common questions of law exist regarding: (a) whether Defendant paid overtime wages when due in accordance with Oregon Wage and Hour Law, ORS Chapters 652; (b) whether such actions were willful and (c) whether former employees are owed penalties under ORS 652.

59.    The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

60.    **Typicality** (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claim is typical of Oregon Wage Class members' claims because:

   a.    Defendant required Plaintiff and other Oregon Wage Class members to attend mandatory meetings and did not pay them for attending those meetings;

   b.    Plaintiff and the Oregon Wage Class members were subject to the same payroll policies and were affected in the same manner by those policies;

   c.    Plaintiff, together with all of the Oregon Wage Class members, did not receive all wages when due;

   d.    Plaintiff, together with all of the Oregon Wage Class members, is owed a penalty computed according to ORS 652.150;

   e.    Plaintiff's claim is based on the same legal and remedial theories as those of the Oregon Wage Class and have similar factual circumstances; and

   f.    Plaintiff has suffered the same or similar injury, as did members of the Oregon Wage Class.

61.    **Adequacy of Plaintiff's Representation** (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Oregon Wage Class because:

   a.    There is no conflict between Plaintiff's claim and the claims of the Oregon Wage Class.

    b.  Plaintiff has retained counsel who are skilled and experienced, who specialize in wage and hour cases, and who will vigorously prosecute the litigation;

    c.  Plaintiff's claim is typical of the claims of the Oregon Wage Class members; and

    d.  Plaintiff and his counsel will fairly and adequately protect the interests of the Oregon Wage Class members.

62.    A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

    a.  There is minimal interest of members of the Oregon Wage Class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

    b.  It is desirable to concentrate the litigation of these claims in this forum; and

    c.  There are no unusual difficulties likely to be encountered in the management of this case as a class action.

63.    The presentation of separate actions by individual Oregon Wage Class members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Oregon Wage Class members to protect their interests.

64.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

65.    Defendant is liable to Plaintiff and the Oregon Wage Class for their actual damages plus an ORS 652.150 penalty for violations of ORS 652.140.

66.    Defendant violated ORS 652.150 when it failed to pay Plaintiff and all other similarly situated employees all wages due on a regular payday and upon termination of employment.

67.    Plaintiff and the Oregon Wage Class have been damaged by Defendant's violations of Oregon Wage and Hour Laws and are entitled to their actual damages, penalty wages pursuant to ORS 652.150, and pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully ask the Court to grant the following relief:

1.    On the First Claim for Relief, award Plaintiff and the FLSA Class their actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA.

2.    On the Second Claim for Relief, award Plaintiff and the Oregon Wage Class their actual damages for violations of Oregon Wage and Hour Laws and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3.    Award Plaintiff and other similarly situated individuals their reasonable attorney fees and costs;

4.    Award Plaintiff and other similarly situated individuals their pre-judgment and post-judgment interest; and

5.    Award Plaintiff and other similarly situated individuals their any and all such other legal and equitable relief as this Court deems just and proper.

//

//

//

//

//

//

**DATED the 12ᵗʰ day of June 2018.**

Respectfully submitted,

__/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

__/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff